IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No.: 1:23-cr-101 (ABJ) |
| | : | |
| v. | : | |
| | : | |
| JAY KENYON, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS COUNT TWO**

The defendant, Jay Kenyon (hereinafter "Kenyon), filed a motion to dismiss count two of the indictment, which charges him with violating 18 U.S.C. §§ 1512(c)(2) and 2 (obstruction of an official proceeding and aiding and abetting). ECF No. 28. Kenyon's sole argument for dismissal is that Section 1512(c)(2) only criminalizes obstruction of an official proceeding as it pertains to impairing or altering of documents, records, or other objects. Kenyon argues that, because such conduct is not alleged in the indictment, the count should be dismissed. This Court and the D.C. Circuit have rejected that argument, and it should similarly be discarded here.

**PROCEDURAL HISTORY**

On February 28, 2023, Kenyon was charged by complaint with two felonies and four misdemeanors related to his actions at the U.S. Capitol on January 6, 2021. On March 29, 2023, he was indicted on those same charges: Civil Disorder, in violation of 18 U.S.C. § 231(a)(3) (Count One); Obstruction of an Official Proceeding, in violation of 18 U.S.C. §§ 1512(c)(2) and 2 (Count Two); Entering and Remaining in a Restricted Building or Ground, in violation of 18 U.S.C. § 1752(a)(1) (Count Three); Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2) (Count Four); Disorderly Conduct in a Capitol Building, in

1

violation of 40 U.S.C. § 5104(e)(2)(D) (Count Five); and Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G) (Count Six). ECF No. 18.

On December 20, 2023, Kenyon filed the instant motion to dismiss count two, that is, the count of obstruction of an official proceeding. Trial is scheduled to begin on March 11, 2024. ECF No. 27.

## FACTUAL BACKGROUND

On January 6, 2021, a Joint Session of the United States House of Representatives and the United States Senate convened to certify the vote of the Electoral College of the 2020 U.S. Presidential Election. While the certification process was proceeding, a large crowd gathered outside the United States Capitol, entered the restricted grounds, and forced entry into the Capitol building. As a result, the Joint Session and the entire official proceeding of the Congress was halted until law enforcement was able to clear the Capitol of hundreds of unlawful occupants and ensure the safety of elected officials.[1]

Capitol Closed Circuit Video ("CCV") footage from January 6th shows that Kenyon entered the Capitol at approximately 2:36 p.m. through the Upper West Terrace Door. Kenyon proceeded to the Rotunda, Statutory Hall, and then the House wing of the Capitol. At approximately 2:44 p.m., Kenyon joined a crowd of rioters outside of the House chamber as the crowd pushed against the doors of the chamber. Kenyon then ascended the stairs to the third floor, to the area outside of the House Gallery. At that time, House members were sheltering in place inside the Gallery because United States Capitol Police ("USCP") were unable to evacuate them.

---

[1] A more detailed timeline of events on January 6, 2021, is set forth in the Statement of Facts. ECF No. 1 at 1.

At approximately 2:48 p.m., Kenyon entered the House Appropriations Committee Office on the third floor.  Minutes later, USCP officers on the third floor drew their firearms and directed rioters in the corridors surrounding the House Gallery to lay on the ground so that House Members could safely evacuate.  Members of the USCP Containment Emergency Response Team entered the Appropriations office and held Kenyon and other rioters until Members evacuated.  At approximately 3:00 p.m., USCP escorted Kenyon from the third floor.

However, instead of exiting the Capitol building, Kenyon returned to the Rotunda.  At the same time, a large contingent of USCP and Metropolitan Police Department ("MPD") officers had arrived to clear the Rotunda.  Officers surrounded the rioters, including Kenyon, to contain them in a tightly packed scrum.  During that effort to contain the rioters, Kenyon pushed against officers.

At approximately 3:16 p.m., officers pulled Kenyon from the scrum and supervised Kenyon while he sat on the floor.  It was later learned through an interview with USCP Officer N.S. that Kenyon was removed from the crowd after he brandished a foldable pocketknife.  Officer N.S. recalled Kenyon swinging a knife and subsequently disarming Kenyon.  Officer N.S. handed the knife to another officer.  To date, the knife has not been recovered.  At approximately 3:25 p.m., an MPD officer escorted Kenyon from the Rotunda to the Memorial doors on the first floor, where he exited the Capitol at approximately 3:26 p.m.

A subsequent review of Kenyon's social media shows that Kenyon planned to go to the Capitol on January 6, 2021 to obstruct the certification.  In a social media post dated November 15, 2020, Kenyon stated "I will fight. We are ready. I'm not the only one who been hitting the gym for months now . . . That was purposeful and definitely less about my overall physical health."  On December 19, 2020, Kenyon posted "Bring you plate carriers[.]"  On December 20, 2020, Kenyon

3

posted: "Trump: January 6, 2021 Washington DC Be There, Will be Wild" Be part of the revolution. It's gonna be fun!"  The next day, Kenyon said "Need 15 lbs more weight by January 6 and you DAMN right if you think Im going FULL ON PATRIOT! I AM RADICALIZED!!"  In posts from December 19, 2020 and December 29, 2020, Kenyon used the hashtag "#StopTheSteal".  Kenyon also posted a Facebook live video on January 6th, showing him inside the Capitol, wearing what appeared to be a plate carrier vest.

## ARGUMENT

### I. Legal Standard

A defendant may move to dismiss an indictment or count prior to trial.  *See* Fed. R. Crim. P. 12(b)(3)(B).  A pretrial motion may challenge "a defect in the indictment or information" if "the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits."  *Id.*  Although a court's supervisory powers provide the authority to dismiss an indictment, "dismissal is granted only in unusual circumstances."  *United States v. Ballestas*, 795 F.3d 138, 148 (D.C. Cir. 2015).

Federal Rule of Criminal Procedure 7(c)(1) states, in relevant part, that "[t]he indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). An indictment is sufficient under the Constitution and Rule 7 if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend." *Hamling v. United States*, 418 U.S. 87, 117 (1974). This may be accomplished by "echo[ing] the operative statutory text while also specifying the time and place of the offense," *United States v. Williamson*, 903 F.3d 124, 130 (D.C. Cir. 2018). An indictment need not inform a defendant "as to every means by which the

4

prosecution hopes to prove that the crime was committed." *United States v. Haldeman*, 559 F.2d 31, 124 (D.C. Cir. 1976). As such, "the validity of an indictment 'is not a question of whether it could have been more definite and certain.'" *United States v. Verrusio*, 762 F.3d 1, 13 (D.C. Cir. 2014) (quoting *United States v. Debrow*, 346 U.S. 374, 378 (1953)). "An indictment must be viewed as a whole and the allegations must be accepted as true in determining if an offense has been properly alleged." *United States v. Bowdoin*, 770 F. Supp. 2d 142, 146 (D.D.C. 2011). The operative question is whether the allegations, if proven, would be sufficient to permit a jury to find that the crimes charged were committed. *Id.*

## II.     Count Two of the Indictment Should Not Be Dismissed.

Kenyon argues that dismissal of count two is appropriate because § 1512(c)(2) criminalizes only a narrow category of obstructive conduct, *i.e.,* impairing or altering documents, records, or other objects. *See generally* Def. Mot. This Court and the D.C. Circuit have both rejected that argument. *See United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023); *see e.g., United States v. Rodriguez*, 2022 WL 3910580, *9 (D.D.C. Aug. 31, 2022) (ABJ).

### A. Section 1512(c)(2) "encompasses all forms of obstructive conduct" and is not limited to impairing or altering documents, records, or other objects.

Kenyon asserts that Section 1512(c)(2) does not apply to his conduct because "nothing in Count Two alleges conduct by Kenyon with respect to a document, record, or other object in order to obstruct, impede or influence Congress's certification of the electoral vote." Def. Mot. at 13. Specifically, Kenyon argues that the use of "or otherwise" to link section 1512(c)(1) and (c)(2) is meant to ensure that the list of unlawful acts in subsection (c)(1) does not exclude other, unspecified acts similar in nature and kind. *Id.* at 5. Numerous other January 6 defendants have made the same argument. Indeed, the Supreme Court granted certiorari of the D.C. Circuit's

5

decision in *United States v. Fischer*, 64, F.4th 329 (D.C. Cir. 2023), *cert granted* 23-5572. The Supreme Court's decision to grant certiorari on this issue does not, however, change the fact that the D.C. Circuit's decision in *Fischer* is currently the governing law of this Circuit. *Fischer* held that Section 1512(c)(2) "encompasses all forms of obstructive conduct" and expressly rejected any attempt to limit the statute to instances of "evidence impairment." 64 F. 4th at 336–340. Kenyon's argument therefore lacks merit, and the motion should be denied.

The D.C. Circuit's decision in *Fischer* confirms the sufficiency of the indictment in this case. In *Fischer*, a three-judge panel in the D.C. Circuit addressed three consolidated January 6 cases where Judge Nichols held that Section 1512(c)(2) "'requires that the defendant have taken some action with respect to a document, record, or other object in order to corruptly obstruct, impede or influence an official proceeding.'" 64 F.4th at 334 (quoting *United States v. Miller*, 589 F. Supp. 3d 60, 78 (D.D.C. 2022)). Because the indictments in the cases on appeal did not allege that the defendants "violated § 1512(c)(2) by committing obstructive acts related to 'a document, record, or other object,' [Judge Nichols] dismissed the § 1512(c)(2) counts" in all three cases. *Id.* The government filed interlocutory appeals and the D.C. Circuit reversed, rejecting Judge Nichols' reading of Section 1512(c)(2).

The *Fischer* panel held that Section 1512(c)(2) contains no requirement that the obstructive acts be done with respect to a document or record and that the alleged actions of the January 6 rioters in the cases before the panel "fall[] comfortably within the plain meaning" of the statute's prohibition. *Id.* at 350. But the *Fischer* panel went further, ruling that "[u]nder the most natural reading of the statute, § 1512(c)(2) applies to *all forms of corrupt obstruction* of an official

proceeding, other than the conduct that is already covered by § 1512(c)(1)." *Id.* at 336 (emphasis added).

Although the *Fischer* panel splintered in its discussion of the *mens rea* required for a defendant to act "corruptly," *see* 64 F.4th at 351-363 (Walker, J., concurring in part), the portion of the *Fischer* opinion concerning the *actus reus* required to violate Section 1512(c)(2) was authored by Judge Pan and joined by Judge Walker, and therefore constitutes *Fischer*'s binding holding, *see id.* at 336-340; *see also United States v. Brock*, 21-cr-140 (JDB), ECF No. 107 at 6. *Fischer* thus confirms that the indictment in this case is sufficient.

The *Fischer* court explained that "the meaning of the statute is unambiguous. . . . Under the most natural reading of the statute, § 1512(c)(2) applies *to all forms of corrupt obstruction of an official proceeding*, other than the conduct that is already covered by § 1512(c)(1)." *Fischer*, 64 F.4th at 336 (emphasis added). The court concluded that "[this] broad interpretation of the statute — encompassing all forms of obstructive acts — is unambiguous and natural, as confirmed by the 'ordinary, contemporary, common meaning' of the provision's text and structure." *Id.* at 337 (quoting *Perrin v. United States*, 444 U.S. 37, 42 (1979)).

Even prior to the *Fischer* decision, this Court had rejected that same argument on similar grounds. In *United States v. Rodriguez*, this Court explained: "[A] person can violate section 1512(c)(2) through means that differ from document destruction, and the term 'otherwise' does not limit the prohibition in section 1512(c)(2) to conduct described in section 1512(c)(1). Since the scope of section 1512(c)(2) is not limited by (c)(1), the indictment need not allege the destruction or falsification of records." 2022 WL 3910580, *9 (D.D.C. Aug. 31, 2022) (ABJ). In *United States v. Williams*, this Court held that section 1512(c)(2), unlike section 1512(c)(1),

7

"directly prohibits the obstruction of an official proceeding itself" in rejecting the claim that the "residual clause" of 18 USC 1512(c)(2) is unconstitutionally vague. 21-CR-618, 2022 WL 2237301, *17 (D.D.C. June 22, 2022) (ABJ).

So long as *Fischer* remains the governing law of this Circuit, Kenyon's argument is without merit, and his motion should be denied.

## CONCLUSION

For the foregoing reasons, this Court should deny Kenyon's motion to dismiss count two of the indictment.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052

By:   /s/ *Sarah C. Martin*
SARAH C. MARTIN
Assistant United States Attorney
Bar No. 1612989
555 Fourth Street, N.W.
Washington, DC  20530
Sarah.Martin@usdoj.gov
(202) 252-7048

/s/ *Craig Estes*
CRAIG ESTES
Assistant United States Attorney
United States Attorney's Office for the
District of Massachusetts (detailee)
Massachusetts Bar No. 670370
craig.estes@usdoj.gov
(617) 748-3100

## **CERTIFICATE OF SERVICE**

On this 22nd day of January 2024, a copy of the foregoing was served upon all parties listed on the Electronic Case Filing (ECF) System.

/s/ *Sarah Martin*
Sarah Martin
Assistant United States Attorney