UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | |
| **v.** ) | Case No. 23-cr-00101-ABJ |
| ) | |
| **JAY KENYON** ) | |
| ) | |
| ) | |
| **Defendant** ) | |
| ) | |

**DEFENDANT JAY KENYON'S MOTION TO CONTINUE TRIAL PENDING THE SUPREME COURT OUTCOME IN *UNITED STATES v. FISCHER***

William L. Shipley, Jr., Esq.
PO Box 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com

*Attorney for Defendant*

COMES NOW Defendant Jay Kenyon, through his undersigned counsel of record William L. Shipley, and hereby respectfully makes this motion to continue the trial in this matter, currently set to begin March 11, 2023.

Defendant Kenyon is the lone defendant in this case and is not detained pending trial.

The Indictment in this case charges Defendant Kenyon with felony violations of 18 U.S.C. Sections 231(a)(3) and 1512(c)(2).  Defendant Kenyon is also charged with the four misdemeanor counts that are most typical in cases arising out of the events of January 6, 2021.

The Government previously extended a plea offer requiring Defendant Kenyon to plead guilty to the Sec. 1512(c)(1) count.  That is the only plea offer made to date.

If the Supreme Court finds in favor of the defendant in *United States v. Fischer*, such outcome would almost certainly result in that count against Defendant Kenyon being dismissed.  The only remaining felony count would be the Sec. 231(a)(3) charge, and he would have the option to plead guilty to that charge and the four misdemeanors, thereby obtaining the benefit of "acceptance of responsibility" under the Sentencing Guidelines.

The Sec. 231(a)(3) count would produce a guideline calculation far below that which he was obligated to stipulate to in the plea offer made by the Government and rejected by him.  It is quite possible that without the Sec. 1512(c) count, Defendant Kenyon would opt to plead guilty and obviate the need for any trial in this case.  On that basis he asks that his trial be continued to July or August 2024.

In addition, a trial without the Sec. 1512(c) count would be much more limited in terms of the evidence relevant to the remaining charges. Without the Sec. 1512(c) count there would be no need for evidence concerning the "official proceeding" taking place inside the Capitol, nor would evidence to prove "corrupt" intent on the part of Defendant Kenyon be relevant. A bench trial limited to the Sec. 231(a)(3) charge and the misdemeanor counts would likely require no more than a single court day, with certain evidentiary stipulations likely, e.g., the "interstate commerce" nexus element of the Sec. 231(a)(3) count.

Thus, there would be a conservation of resources for the Court, the Government, and the Defendant from a Supreme Court decision in favor of defendants in the *Fischer* case.

Because the delay would be a matter of only 4 months, the balance of equities favors granting this motion.

In granting a similar motion to continue based on *Fischer*, Judge Leon stated as follows:

> "In considering a stay pending resolution of independent proceedings, a court 'must weigh competing interests and maintain an even balance between the court's interests in judicial economy and any possible hardship to the parties.'" *Vallejo Ent. LLC v. Small Bus. Admin.*, 2023 WL 3275634, at *1 (D.D.C. May 5, 2023) (quoting *Belize Soc. Dev. Ltd. v. Govt of Belize*, 668 F.3d 724, 733 (D.C. Cir. 2012)); see also id. at *2 (explaining that the standard governing a stay pending appeal is different than the standard for a stay pending resolution of independent proceedings). Here, a stay of proceedings pending the Supreme Court's forthcoming decision in *United States v. Fischer*, No. 23-5572, will conserve significant judicial and party resources, given that the lead and sole felony count to be proved at defendant's trial chases the issue the Supreme Court has now agreed to examine: whether 18 U.S.C. § 1512(c) can be used to prosecute January 6-related conduct. While the Court is

mindful of the Government's interest in timely adjudication of this case, the clear efficiency gains in postponing defendant's bench trial until the Supreme Court defines the scope of Section 1512(c)--a ruling that will impact not only both sides' approaches to trial and the Court's eventual verdict, but also the parties' appetite for pretrial disposition--outweigh the hardship to the Government here.

*United States v. Costiances*, 21-cr-180, (RJL), Minute Order, 1/19/24.

While Defendant Kenyon faces two felonies in this case, and not just one as is the case in *Costiances*, a guilty plea to the Sec. 231(a)(3) count likely produces a far more favorable outcome for a defendant than does a guilty plea to the Sec. 1512(c)(2) count.  Defendant Kenyon would be significantly prejudiced if he is denied the option of pleading guilty to the Sec. 231(a)(3) count – or have a bench trial on relevant evidence in the Government's case-in-chief that is significantly reduced -- if the Supreme Court decision in *Fischer* eliminates the Sec. 1512(c)(2) count.

Motions to continue trials in light of *Fischer* have been granted in the following cases:

*United States v.* Costiances, 21-cr-180, (RJL).

*United States v. Sahady*, 21-cr-132, (CJN).

Based on the foregoing, Defendant Kenyon requests that the March 11, 2024, trial date be vacated, and that a status conference be set to select a new trial date the first week of July, or any week in August, 2024.

Dated: February 1, 2024            Respectfully submitted,

                                   /s/ William L. Shipley

William L. Shipley, Jr., Esq.
PO BOX 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com