**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No. 23-cr-101 (ABJ) |
| | : | |
| JAY KENYON, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S OPPOSITION TO**
**DEFENDANT'S MOTION TO CONTINUE TRIAL**

The United States of America respectfully opposes Defendant Jay Kenyon's Motion to Continue Trial Pending the Supreme Court Outcome in *Fischer v. United States* (ECF No. 33), which is, in effect, a motion to stay his trial until at least mid-2024.[1]  On December 13, 2023, the United States Supreme Court granted certiorari in *United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023), *cert. granted* 23-5572.  The Supreme Court will consider the interpretation of the statute criminalizing obstruction of an official proceeding, 18 U.S.C. § 1512(c)(2), which is one of the crimes for which the defendant will stand trial.  This development does not merit a continuance of the trial date scheduled for March 11, 2024.

**I.      Background and Procedural History**

On February 28, 2023, Kenyon was charged by complaint with two felonies and four misdemeanors related to his actions at the U.S. Capitol on January 6, 2021.  On March 29, 2023, he was indicted on those same charges: Civil Disorder, in violation of 18 U.S.C. § 231(a)(3) (Count One); Obstruction of an Official Proceeding, in violation of 18 U.S.C. §§ 1512(c)(2) and 2 (Count

---

[1] Kenyon styles the relief as a motion to continue the trial; however, the motion is properly considered as a motion to stay the proceedings. As defendant acknowledges, it is unlikely that any decision in *Fischer* would be issued by the Supreme Court before the end of its term in June of 2024.  Def. Mot. at 2.  Accordingly, the stoppage of all proceedings for upwards of six months is not a continuance; it is a stay of the proceedings pending the appeal.

Two); Entering and Remaining in a Restricted Building or Ground, in violation of 18 U.S.C. § 1752(a)(1) (Count Three); Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2) (Count Four); Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D) (Count Five); and Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G) (Count Six). ECF No. 18.

On December 20, 2023, Kenyon moved to dismiss count two, that is, the count of obstruction of an official proceeding. ECF No. 28. The government opposed. ECF No. 30. On January 31, 2024, the Court denied that motion to dismiss. ECF NO. 32. As a part of its Order, the Court stated: "If the defendant is seeking any change to the trial date due to the Supreme Court's grant of certiorari in *United States v. Fischer*, any request must be filed by February 7, 2024." *Id.* at 6. On February 1, 2024, defendant filed the instant motion to continue the March 11, 2024 trial date. ECF No. 33.

## II.   Legal Standard

Staying one case while "a litigant in another [case] settles the rule of law that will define the rights of both" is granted "only in rare circumstances." *Asylumworks v. Mayorkas*, No. 20-CV-3815 (BAH), 2021 WL 2227335, at *5 (D.D.C. June 1, 2021) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936))). When evaluating whether to issue a stay, "a court considers four factors: '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Nken v. Holder*, 556 U.S. 418, 426 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). The third and fourth factors "merge" when a party moves for a stay against the government. *Id.* at 435. A stay "'is not a matter of right, even if irreparable injury might otherwise

result.'" *Id.* at 433 (quoting *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672 (1926)). The party seeking the stay bears the burden of "mak[ing] out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Landis*, 299 U.S. at 255.

### III.    Argument

Kenyon's motion should be denied because the relevant factors weigh against his request. First, the fact that the Supreme Court granted certiorari in *Fischer* does not establish that Kenyon is likely to succeed on the merits of any eventual challenge to a Section 1512(c)(2) conviction. At this time, a panel of the D.C. Circuit and every district court judge but one has agreed with the government's interpretation of that statute. *See Fischer*, 64 F.4th at 338 ("Although the opinions of those district judges are not binding on us, the near unanimity of the rulings is striking, as well as the thorough and persuasive reasoning in the decisions. . . . The district judge in the instant case stands alone in ruling that § 1512(c)(2) cannot reach the conduct of January 6 defendants."). The mere fact that the Supreme Court agreed to hear *Fischer* does not indicate that those opinions were wrongly decided. *See, e.g.*, *Heath v. Jones*, 941 F.2d 1126, 1131 (11th Cir. 1991) ("[T]he grant of certiorari does not necessarily indicate that the position advocated by Heath has any merit, only that it is an important question."). Moreover, one Circuit judge has explained how, even were the Supreme Court to reverse the Court of Appeals in *Fischer,* defendants who obstructed the certification would still be convicted. *See Brock v. United States*, No. 23-3045 (D.C. Cir. May 25, 2023) (per curiam) (Millet, J., concurring). Were every criminal case stayed while a potentially applicable issue was litigated on appeal in a separate case, the criminal justice system would grind to a halt. *Fischer* and other cases challenging the application of 18 U.S.C. § 1512(c)(2) have been

pending for some time, and such developments did not previously merit a broad stay. Nothing has changed by virtue of the Supreme Court's decision to grant *certiorari* in *Fischer*.

Additionally, it is unlikely that any decision in *Fischer* would be issued by the Supreme Court before the end of its term in June of 2024. That would be nearly three-and-a-half years after the defendant committed the offenses charged in the Indictment. Delaying the trial for four months or more would undermine the interests of the public in the timely adjudication of a case of significance.

Obstruction of an official proceeding is not Kenyon's only charge—he is also charged with Civil Disorder, a felony, and four misdemeanors. Regardless of the implications of *Fischer*, the public and the government have a right to a resolution of Kenyon's other charges. Because the evidence on those charges overlaps with the evidence the government would use to prove the 1512 count, the parties should proceed to trial on all counts as currently scheduled. In particular, the evidence that the government will present in this case to prove Count Two (the 18 U.S.C. § 1512 charge) overlaps almost entirely with the evidence it will use to prove Kenyon's guilt on Count Four (the 18 U.S.C. § 1752(a)(2) charge), which requires the government to prove, *inter alia*, the defendant's intent to impede or disrupt the orderly business of government.

Kenyon will not suffer any irreparable injury by proceeding with trial as scheduled. Even if Kenyon is convicted of obstruction of an official proceeding and the Supreme Court decides *Fischer* adversely to the government, it is not clear that the Court's interpretation of Section 1512(c)(2) would necessarily invalidate Kenyon's conviction. And even if it did, the appropriate venue for challenging such a conviction would be a motion to set aside the verdict or a post-sentencing appeal, depending on the timing. In this respect, Kenyon "stands in no different position than any other criminal defendant who loses a pretrial motion attacking an indictment on

4

the ground that the underlying criminal statute is unconstitutional.  The district court's order in such a case . . . would be fully reviewable on appeal should the defendant be convicted."  *United States v. Cisneros*, 169 F.3d 763, 768-69 (D.C. Cir. 1999).  Given that trial is scheduled for March 11, 2024, and assuming sentencing would not occur until three months after trial, it is unlikely that Kenyon would have finished – or even started – serving his sentence on the non-1512 charges before *Fischer* is decided in mid-June—all of which further demonstrates that the defendant cannot establish irreparable injury.

As Judge Howell recently recognized, a defendant is not "irreparably harmed without a stay" simply "because 'he will be forced to go to trial' before his appeal on violations of his constitutional rights is heard."  *United States v. González-Valencia*, No. 16-65-1 (BAH), 2022 WL 3978185, at *6 (D.D.C. Sept. 1, 2022).  That is why interlocutory appeals are allowed only in rare cases.  A stay does, however, prejudice the government.  "The government also faces irreparable harm because, as more time passes, the government's . . . evidence continues to age, which hurts witnesses' ability to recollect those events clearly at trial."  *Id.* at *7.

Any potential irreparable injury to the defendant can be addressed via a motion for release pending appeal under 18 U.S.C. § 3143(b).  Under that statute, a defendant who has been sentenced to a term of imprisonment "shall . . . be detained" unless the court finds that two separate requirements are met:

> (1)   "clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released," and
>
> (2)   that the appeal "raises a substantial question of fact or law likely to result in—(i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process."

18 U.S.C. § 3143(b)(1)(A)-(B).  A "substantial question" is one that is "a close question or one that very well could be decided the other way."  *United States v. Peholtz*, 836 F.2d 554, 555 (D.C. Cir. 1987).  Although the government would likely oppose such a motion, given that Kenyon may, if convicted, be sentenced to imprisonment on the other counts not affected by *Fischer*, the possibility for release pending appeal also favors denial of the defendant's motion to stay.  The Bail Reform Act – not a stay of the proceedings – is the proper mechanism under which to address any potential prejudice to the defendant.

Ultimately, Kenyon's desire to have the Supreme Court resolve *Fisher* before his trial does not outweigh the government and the public's interest in a speedy trial, particularly as there is a more appropriate mechanism to address this issue should Kenyon be convicted at trial.  For all these reasons, Kenyon's motion to continue trial until at least July 2024 should be denied, and the Court should proceed with trial on March 11, 2024.  *See, e.g.*, Order, *United States v. Dunfee,* 23-cr-36 (RBW), ECF No. 59 (D.D.C. Dec. 14, 2023) (denying defendant's oral motion to stay trial pending Fischer).

<div style="margin-left: 50%;">

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:    */s/ Sarah C. Martin*
SARAH C. MARTIN
Assistant United States Attorney
Bar No. 1612989
555 Fourth Street, N.W.
Washington, DC  20530
Sarah.Martin@usdoj.gov
(202) 252-7048

</div>